[Cite as *McLean v. McHugh, Inc.*, 2011-Ohio-2478.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SHANE MCLEAN, ET AL. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiffs-Appellants | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MCHUGH, INC., ET AL. | : | Case No. CT2011-007 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
Case No. CC2010-0387

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 20, 2011

APPEARANCES:

For Plaintiffs-Appellants

BRIAN W. BENBOW
605 Market Street
Zanesville, OH  43701

For Defendants-Appellees

RONALD GREGORY
5005 Rockside Road
Suite 600
Independence, OH  44131

*Farmer, P.J.*

{**¶1**}   On February 19, 2010, appellant, Shane McLean, suffered injuries when he slipped on ice and fell while shopping for a vehicle at McHugh, Inc., dba McHugh Jeep, appellee herein.

{**¶2**}   On June 16, 2010, appellant, together with his wife, Angela McLean, filed a complaint against appellee and others, alleging negligence in maintaining its walkways and pathways free from ice and snow.

{**¶3**}   On November 10, 2010, appellee filed a motion for summary judgment.  A hearing was held on February 18, 2011.  By judgment entry filed same date, the trial court granted the motion.

{**¶4**}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{**¶5**}   "THE TRIAL COURT COMMITTED PREJUDICAL (SIC) ERROR BY GRANTING APPELEE'S (SIC) MOTION FOR SUMMARY JUDGMENT BY NOT CONSIDERING APPELLANT'S PROPERLY FORMATTED AFFIDAVIT AND AMENDED AFFIDAVIT AND BY CONSTRUING THE EVIDENCE IN A LIGHT MOST FAVORABLE TO THE MOVING PARTY --- NOT THE NON-MOVING PARTY."

I

{**¶6**}   Appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶10} As stated by our brethren from the Ninth District in *Austin v. Peterson* (1999), Medina App. No. 2735-M:

{¶11} "The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding an essential element of the nonmoving party's claim. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once the moving party has satisfied its burden, the nonmoving

party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. *Vahila v. Hall,* 77 Ohio St.3d at 429, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d 264. When the nonmoving party fails to meet this burden, summary judgment may be appropriately granted in favor of the moving party. *Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d 264."

{¶12} Appellee filed its motion for summary judgment with discovery documents attached on November 10, 2010. Appellant filed his memorandum contra, along with his own affidavit, on December 1, 2010. Appellee filed a reply on December 10, 2010.

{¶13} A hearing was held on February 18, 2011. On same date at 1:37 p.m., the trial court filed its judgment entry granting appellee's motion for summary judgment. At 1:50 p.m., appellant filed a motion to amend his affidavit, to include the omitted word "not" from ¶9. By judgment entry filed February 23, 2011, the trial court granted appellant's motion to amend his affidavit. Appellant filed his notice of appeal on the February 18, 2011 judgment entry on February 28, 2011.

{¶14} Appellant now argues the trial court erred by not considering his properly formatted affidavit and amended affidavit in rendering its decision. The omission of the word "not" was brought to the trial court's attention and discussed during the hearing. T. at 28-29, 40-41. At the conclusion of the hearing, the trial court permitted appellant to file a motion to amend. T. at 41-42. The trial court was clearly aware of the omission prior to rendering its decision.

{¶15} Appellant's argument is three-fold: 1) appellee created an unnatural accumulation of ice by shoveling snow through an area of the parking lot which was not a sidewalk, thus creating black ice; 2) appellee's salesman warned appellant's wife and

mother-in-law of the slippery pathway which evidences that appellee had superior knowledge that the path was slippery; and 3) the salesman failed to warn appellant and motioned for him to come inside using the same pathway without giving him the opportunity to inspect the pathway.  Appellant's Brief at 7-8.

{¶16}  In order to establish a claim for negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately from the breach. *Feldman v. Howard* (1967), 10 Ohio St.2d 189.

{¶17}  Appellee owed appellant, as a business invitee, the duty "of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger."  *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 203.  "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 2003–Ohio–2573, syllabus.  The dangers from natural accumulations of ice and snow are ordinarily open and obvious:

{¶18}  "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, paragraph two of the syllabus.

{¶19}  However, there are two exceptions to the general rule that landowners do not owe a duty to business invitees regarding natural accumulations of ice and snow. The first is when "an owner or occupier of property is shown to have had actual or implied notice that a natural accumulation of ice or snow on his or her property has created a condition substantially more dangerous than a business invitee should have

anticipated by reason of knowledge of conditions prevailing generally in the area, negligence may be established." *Kaeppner v. Leading Management, Inc.* Franklin App. No. 05AP–1324, 2006–Ohio–3588, ¶11. In order to be liable under this exception, the landowner must have had superior knowledge of the existing danger. *Moore v. Kroger Company,* Franklin App. No. 10AP–431, 2010–Ohio–5721, ¶8.

{¶20} Appellant argues that the "warning" by appellee's salesman to his wife and mother-in-law to be careful while traversing the slippery pathway shows that appellee had superior knowledge of the dangerous condition. Appellant's Brief at 8. In support of his memorandum contra filed December 1, 2010, appellant attached his affidavit wherein he stated at ¶1 that he had "firsthand personal knowledge of the matters affirmed to herein." At ¶6, appellant attested to the following:

{¶21} "Defendant had actual notice that ice had created a condition substantially more dangerous than Plaintiff could have anticipated. This is evidenced by the fact that Defendant's employee, the salesman, warned Plaintiff's wife and mother-in-law about the slippery walkway. Defendant had superior knowledge that an accumulation of ice had occurred, which is evidenced by the warning given to two members of Plaintiff's group."

{¶22} If appellant had firsthand personal knowledge that the salesman warned his wife and mother-in-law, then he overheard and had knowledge that the walkway was slippery. The salesman displaying common courtesy does not equate to *superior* knowledge of a condition "substantially more dangerous," especially given the fact that the salesman and the two women traversed the same pathway without incident. The first exception to the open and obvious rule does not apply in this case.

{¶23} The second exception to the open and obvious rule is that a landowner has a duty to exercise reasonable care to protect business invitees from unnatural accumulation of ice and snow. *Kaeppner,* supra. "[S]ince the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow." *Porter v. Miller* (1983), 13 Ohio App.3d 93, 95.

{¶24} In his affidavit at ¶4, appellant averred that appellee "created an unnatural accumulation of ice by shoveling snow through the parking lot on an area that was not a sidewalk and has never been used as a sidewalk per Plaintiff's knowledge." Appellant further averred the following at ¶5:

{¶25} "Defendant created an unnatural accumulation of ice by failing to salt the underlying ice after clearing snow through an area of the parking lot that was not a sidewalk thus creating black ice that was not visible to Plaintiff. The pathway had melted overnight and had re-frozen creating a slippery, icy walkway, due to it being cleared the day before and not being re-salted."

{¶26} As explained by our brethren from the Sixth District in *Jackson v. J-F Enterprises, Inc.,* Lucas App. No. L-10-1285, 2011-Ohio-1543, ¶28:

{¶27} "Even if this court accepts that appellees did actively place the snow between the parking bumper and the sidewalk, this second exception to the open and obvious rule does not apply because any resulting accumulation of black ice from typical melted run-off is still not unnatural. *Flint v. Cleveland Clinic Found.* [Cuyahoga App. Nos. 80177 & 80478, 2002–Ohio–2747], supra, concluding, '[s]imply piling snow

on either side of the sidewalk, without more, does not constitute an "unnatural" accumulation of ice.***[Where] run-off from the melting snow pile created the icy patch, several courts, including this one, have concluded that this does not constitute an "unnatural" accumulation of ice.   When snow is removed, it has to be placed somewhere, and "a certain natural run-off of water is to be expected." ' "

{¶28}  See also the analysis in *Hoenigman v. McDonald's Corporation* (1990), Cuyahoga App. No. 56010, wherein our brethren from the Eighth District explained the following:

{¶29}  "After snow is removed from the surface of the parking lot, it must be disposed of.  Snow must be placed somewhere.  In this case, that place was the elevated island in the parking lot.  This court has stated:

{¶30}  "The accumulation of ice and snow is a condition created by the elements, a natural hazard faced by anyone who would venture about the streets while such conditions exist....  Snow cannot be removed from the sidewalks without being put somewhere. *A certain natural run-off of water is to be expected.*  Water freezes if the temperature drops too low.  The removal of snow is not an act of negligence, *per se,* but an act of consideration for the safety of the public, generally, and of one's customers, in particular....  To create liability it must appear that negligence intervened, that the snow was disposed of in a negligent manner, or that the removal was negligently done, but it also must appear that the resulting risk of injury was substantially increased or a violation of the duty of due care, if not proximate cause, is not established.

{¶31}  "*Ramsdorfer v. Standard Oil Co.* (March 22, 1973), Cuyahoga App. No. 31751, unreported, slip op. at 2 (emphasis added)."

{¶32} There is no evidence that the shoveling of the snow was negligent and created an "unnatural" accumulation of ice. The second exception to the open and obvious rule does not apply in this case.

{¶33} Upon review, in construing all the evidence most strongly in favor of appellant, we find no evidence that creates a genuine issue of material fact and therefore, the trial court did not err in granting summary judgment to appellee.

{¶34} The sole assignment of error is denied.

{¶35} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ Julie A. Edwards_____


_s/ Patricia A. Delaney_____


JUDGES


SGF/sg 425

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

SHANE MCLEAN, ET AL.                    :
                                        :
    Plaintiffs-Appellants            :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
MCHUGH, INC., ET AL.                    :
                                        :
    Defendants-Appellees             :        CASE NO. CT2011-007


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.


                            _s/ Sheila G. Farmer_____


                            _s/ Julie A. Edwards_____


                            _s/ Patricia A. Delaney_____


                                    JUDGES